IN THE UNITED STATES DISTRCT COURT

DISTRICT OF NEVADA

EDWARD ALLEN READ,

    Plaintiff,

vs.

DAVID ABDREW KING; DECKER TRUCK LINE, INC., a Foreign Corporation; KRISTOPHER GARY BARON; SELLAND AUTO TRANSPORT, INC. a Foreign Corporation; DOES I through X, inclusive and ROE CORPORATIONS I through X, inclusive,

    Defendants.

Case No.:

**COMPLAINT FOR PERSONAL INJURY**

COMES NOW, Plaintiff, EDWARD ALLEN READ, by and through his attorneys of record, NATHAN S. DEAVER, ESQ. and BRICE J. CRAFTON, ESQ. of the law firm of **DEAVER | CRAFTON**, and as and for his causes of action against the above-named Defendants, hereby complains and alleges as follows:

## PARTIES

1. At all relevant times, Plaintiff, EDWARD ALLEN READ, was and is a United States citizen who was domiciled in the State of Nevada.

2. Upon information and belief, at all relevant times, Defendant, DAVID ABDREW KING, was and is a United States citizen who was domiciled in the State of Mississippi.

3. Upon information and belief, at all relevant times, Defendant, DAVID ABDREW KING, was driving a vehicle owned by DECKER TRUCK LINE, INC., a Foreign Corporation which, at all times relevant herein, had its principal offices in Fort Dodge, Iowa.

1

4. Upon information and belief, at all relevant times, Defendant KRISTOPHER GARY BARON, was and is, a United States citizen who was domiciled in the State of Utah.

5. Upon information and belief, at all relevant times, Defendant KRISTOPHER GARY BARON, was driving a vehicle owned by Defendant, SELLAND AUTO TRANSPORT, INC., a Foreign Corporation, which at all times relevant herein, had its principal offices in Seattle, Washington.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOE Defendants I through X and ROE CORPORATIONS I through X are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants designated as DOE Defendants and ROE CORPORATIONS are responsible in some manner for the events and occurrences referenced in this Complaint, and/or owes money to Plaintiff and/or may be affiliated with one of the other Defendants or may claim some interest in the subject matter of this Complaint. Plaintiff will ask leave of the Court to amend this Complaint and insert the true names and capacities of DOE Defendants I through X and ROE CORPORATIONS I through X when the identities of the same have been ascertained, and to join said Defendants in this action.

## JURISDICTION AND VENUE

7. All of the vehicular collisions complained of herein occurred in the State of Oregon.

8. This Court has original jurisdiction over this action because Plaintiff, EDWARD ALLEN READ, is a resident of the County of Clark, State of Nevada.

9. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount of controversy exceeds seventy five thousand dollars ($75,000) and Plaintiff, EDWARD ALLEN READ, is a citizen of a state which is different from the states where the Defendants, and each of them, are domiciled or are incorporated or have their principal places of business.

10. Venue is proper in this district, because the Plaintiff is a Nevada resident and the accident occurred in Rufus, Oregon, which fall within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

11. On or about February 15, 2017, Plaintiff, EDWARD ALLEN READ, was a long distance truck driver, whose principal duties were to pick up and deliver high-end vehicles to various auto dealerships in the United States.

12. At all relevant times herein mentioned, the Plaintiff, EDWARD ALLEN READ, was operating a 2017 Peterbilt TK vehicle.

13. On or about February 15, 2017, Plaintiff, EDWARD ALLEN READ, was operating his vehicle, on westbound on I-84.

14. Because there was ice on the road and it had started snowing, the Plaintiff feared that the road conditions made it too hazardous to continue driving on the highway. Consequently, he pulled his vehicle off to the right shoulder of the road, near Rufus, Oregon, just before exit 114.

15. While sitting in his truck on the right shoulder of the road, a Volvo Tractor semi truck driven by Defendant, DAVID ABDREW KING, and owned by Defendant, DECKER TRUCK LINE, INC., struck the driver's side of the Plaintiff's vehicle in multiple locations.

16. Thereafter, Defendant, DAVID ABDREW KING, pulled his vehicle in front of the Plaintiff's vehicle, and waited on the right shoulder of the road for an Oregon State Trooper to arrive.

17. Upon his arrival, the Oregon State Trooper, Mathew Zistel, instructed both the Plaintiff, EDWARD ALLEN READ, and Defendant, DAVID ABDREW KING, to exchange insurance information, and the trooper returned to his patrol car to obtain an event number.

18. While the Plaintiff was sitting in his vehicle, a Volvo Semi-Tractor driven by Defendant, KRISTOPHER GARY BARON, and owned by Defendant, SELLAND AUTO

TRANSPORT, INC., approaching from the rear of the Plaintiff's vehicle, lost control of his vehicle.

19. As a direct and proximate result of the two (2) above-described incidents, the vehicle of the Plaintiff, EDWARD ALLEN READ, sustained substantial damage.

20. As a direct and proximate result of the two (2) subject incidents, the Plaintiff sustained severe permanent injury requiring medical attention and to experience pain and suffering.

21. At all times relevant herein, Defendant, DAVID ABDREW KING, while operating a vehicle owned by Defendant, DECKER TRUCK LINES, INC., in the State of Oregon, failed to use due care and properly obey traffic regulations when he operated his vehicle in a negligent, reckless and unlawful manner, and caused collisions with Plaintiff's vehicle, caused injuries to Plaintiff's person, caused damages to Plaintiff's vehicle, and caused Plaintiff to sustain economic damages and lost business opportunities.

22. At all times relevant herein, Defendant, KRISTOPHER GARY BARON, while operating a vehicle owned by Defendant, SELLAND AUTO TRANSPORT, INC., in the State of Oregon, failed to use due care and properly obey traffic regulations when he operated his vehicle in a negligent, reckless and unlawful manner, and caused collisions with Plaintiff's vehicle, caused injuries to Plaintiff's person, caused damages to Plaintiff's vehicle, and caused Plaintiff to sustain economic damages and lost business opportunities.

23. That at all times relevant herein, Defendant, DAVID ABDREW KING, was an employee and/or agent and/or representative and/or contractor of Defendant, DECKER TRUCK LINE, INC.

24. That at all times relevant herein, the relationship between Defendant, DAVID ABDREW KING, and Defendant, DECKER TRUCK LINE, INC., is, and was, a "for profit" relationship

from which both Defendant, DAVID ABDREW KING and Defendant, DECKER TRUCK LINE, INC., benefitted economically.

25. That Defendant, DAVID ABDREW KING, owed a duty to Plaintiff, EDWARD ALLEN READ, to operate the vehicle he was driving on behalf of Defendant, DECKER TRUCK LINE, INC., in a reasonable, negligent-free manner. That Defendant, DAVID ABDREW KING, breached that duty.

26. That Defendant, DECKER TRUCK LINE, INC., by and through its agents and representatives, is liable for any injuries or damages suffered by Plaintiff, EDWARD ALLEN READ.

27. That at all times relevant herein, the relationship between Defendant, KRISTOPHER GARY BARON, and Defendant, SELLAND AUTO TRANSPORT, INC., is, and was, a "for profit" relationship from which both Defendant, KRISTOPHER GARY BARON and Defendant, SELLAND AUTO TRANSPORT, INC., benefitted economically.

28. That Defendant, KRISTOPHER GARY BARON, owed a duty to Plaintiff, EDWARD ALLEN READ, to operate the vehicle he was driving on behalf of Defendant, SELLAND AUTO TRANSPORT, INC., in a reasonable, negligent-free manner. That Defendant, KRISTOPHER GARY BARON, breached that duty.

29. That Defendant, SELLAND AUTO TRANSPORT, INC., through its agents and representatives, is liable for any injuries or damages suffered by Plaintiff, EDWARD ALLEN READ.

30. That, as a direct result of the negligence of the Defendants, and each of them, Plaintiff, EDWARD ALLEN READ, has suffered serious injuries to his person and property, which may be permanent in nature, as well as loss of enjoyment of life, pain and suffering.

31. That, as a direct result of the negligence of the defendants, and each of them, Plaintiff, EDWARD ALLEN READ, has suffered financial damage due to the severe damage to his vehicle, and his inability to fulfill business contracts.

32. That Defendants, and each of them, are liable for the injuries suffered by Plaintiff on theories of negligence, vicarious liability, Negligent Hiring and Retention, and negligence per se.

### FIRST CAUSE OF ACTION
(Negligence as to all Defendants)

33. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, in paragraphs 1 to 32 above, as if here fully set forth.

34. Defendants, and each of them, owed a duty of care to Plaintiff to operate their vehicles in a careful, responsible, and reasonably prudent manner.

35. Defendant, breached this duty when they negligently, recklessly, and/or carelessly maintained, controlled, and/or operated their vehicles by failing to use due care, failing to operate their vehicles in a safe manner under existing conditions, failing to pay attention, and speeding, all and each of which thereby directly and proximately caused the injuries and damages complained of herein as suffered by Plaintiff.

36. As a direct and proximate result of the aforementioned negligence, carelessness, and/or recklessness of Defendants, and each of them, Plaintiff sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to his general and compensatory damage.

37. In addition, Plaintiff was required to incur expenses for medical care, treatment and expenses incidental thereto, all to his detriment, in an amount unknown at this time, and may be required in the future to incur expenses for medical care and treatment, including surgery, physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiff prays leave of the Court to insert all

1 said damages herein when the same have been fully ascertained or proven at the time of trial

2 herein.

38. As a direct and proximate result of the negligence and/or carelessness of Defendants, and each of them, Plaintiff has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure said losses for an indefinite period of time in the future.

39. As a direct and proximate result of the negligence of the defendants, and each of them, the Plaintiff has sustained property damage, including but not limited to, the damage to his vehicle.

40. As a direct and proximate result of the negligence of the defendants, and each of them, the Plaintiff has sustained economic losses, including but not limited to, his inability to fulfill his contractual obligations to third parties.

41. That Defendants, and each of them, are liable for the injuries suffered by Plaintiff.

42. It has been necessary for Plaintiff to retain the services of the law firm **DEAVER | CRAFTON** to represent him the above-entitled matter, and Plaintiff is entitled to reasonable attorney's fees and costs incurred herein

## SECOND CAUSE OF ACTION
### (Negligence Per Se as to all Defendants)

43. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, in paragraphs 1 to 42, as if here fully set forth.

44. Plaintiff is informed, believes, and thereupon alleges, that Defendant, DAVID ABDREW KING and Defendant, KRISTOPHER GARY BARON, operated their vehicles in a manner that violates State of Oregon's statutes, laws and ordinances, including, but not limited to, failure to use due care in the operation of a vehicle, speeding and improper driving.

////

7

45. Plaintiff is within the class of person intended to be protected by the statutes, laws and ordinances of the State of Oregon.

46. The injuries suffered by Plaintiff were of the type against which the statutes, laws and ordinances of the State of Oregon were intended to protect.

47. That, as a direct and proximate result of the aforementioned negligence, carelessness and/or recklessness of Defendant, DAVID ABDREW KING, driving on behalf of Defendant, DECKER TRUCK LINE, INC., and Defendant, KRISTOPHER GARY BARON, driving on behalf of Defendant SELLAND AUTO TRANSPORT, INC., Plaintiff suffered physical injuries, pain and suffering damages, and loss of enjoyment of life, some of which conditions are permanent and disabling.

48. As a direct and proximate result of the negligence of the defendants, and each of them, Plaintiff, incurred, and continues to incur special damages. Plaintiff has also suffered general damages in additional amounts to be proven at trial.

49. As a direct and proximate result of the aforementioned negligence, carelessness, and/or recklessness of Defendants, and each of them, Plaintiff sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to his general and compensatory damage

50. In addition, Plaintiff was required to incur expenses for medical care, treatment and expenses incidental thereto, all to his detriment, in an amount unknown at this time, and may be required in the future to incur expenses for medical care and treatment, including surgery, physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiff prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

51. As a direct and proximate result of the negligence and/or carelessness of Defendants, and each of them, Plaintiff has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure said losses for an indefinite period of time in the future.

52. That Defendants, and each of them, are liable for the injuries suffered by Plaintiff.

53. As a direct and proximate result of the negligence of the defendants, and each of them, the Plaintiff has sustained property damage, including but not limited to, the damage to his vehicle.

54. As a direct and proximate result of the negligence of the defendants, and each of them, the Plaintiff has sustained economic losses, including but not limited to, his inability to fulfill his contractual obligations to third parties.

55. It has been necessary for Plaintiff to retain the services of the law firm **DEAVER | CRAFTON** to represent him the above-entitled matter, and Plaintiff is entitled to reasonable attorney's fees and costs incurred herein.

### THIRD CAUSE OF ACTION
### (Negligent Hiring And Retention)

56. Plaintiff hereby incorporates paragraphs No. 1 through No. 60 of this Complaint as if set forth fully herein.

57. Defendants, and each of them, had a duty to use reasonable care to select employees and/or agents and/or contractors who were competent and fit to perform the duties required as an employee and/.or agent and/or contractor. Defendants, and each of them, owed such duty to Plaintiff, EDWARD ALLEN READ, and such duty was breached by the Defendants, and each of them.

58. Defendants, and each of them, knew, or should have known, that Defendant, DAVID ABDREW KING, and Defendant, KRISTOPHER GARY BARON, would be likely to operate their motor vehicles in a negligent, careless and/or reckless manner.

59. Defendants, and each of them, knew, or should have known, that Defendant, DAVID ABDREW KING and Defendant, KRISTOPHER GARY BARON, were not competent or fit for the duties required of them as employees and/or agents and/or contractors, and Defendants, and each of them, breached their duty to use reasonable care to select and retain employees and/or agents and/or contractors who was competent and fit for the position.

60. As a result of the negligence of the Defendants, and each of them, in hiring and retaining Defendant, DAVID ABDREW KING, and Defendant, KRISTOPHER GARY BARON, Plaintiff, EDWARD ALLEN READ, was injured as alleged above.

61. As a direct and proximate result of the aforementioned negligence, carelessness and/or recklessness of Defendant, DAVID ABDREW KING, driving on behalf of Defendant, DECKER TRUCK LINE, INC., and Defendant, KRISTOPHER GARY BARON, driving on behalf of Defendant SELLAND AUTO TRANSPORT, INC., Plaintiff suffered physical injuries, pain and suffering damages, and loss of enjoyment of life, some of which conditions are permanent and disabling.

62. As a direct and proximate result of the negligence of the defendants, and each of them, Plaintiff, incurred, and continues to incur special damages. Plaintiff has also suffered general damages in additional amounts to be proven at trial.

63. As a direct and proximate result of the aforementioned negligence, carelessness, and/or recklessness of Defendants, and each of them, Plaintiff sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to his general and compensatory damage.

64. In addition, Plaintiff was required to incur expenses for medical care, treatment and expenses incidental thereto, all to his detriment, in an amount unknown at this time, and may be required in the future to incur expenses for medical care and treatment, including surgery, physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiff prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

65. As a direct and proximate result of the negligence and/or carelessness of Defendants, and each of them, Plaintiff has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure said losses for an indefinite period of time in the future.

66. That Defendants, and each of them, are liable for the injuries suffered by Plaintiff.

67. As a direct and proximate result of the negligence of the defendants, and each of them, the Plaintiff has sustained property damage, including but not limited to, the damage to his vehicle.

68. As a direct and proximate result of the negligence of the defendants, and each of them, the Plaintiff has sustained economic losses, including but not limited to, his inability to fulfill his contractual obligations to third parties.

69. It has been necessary for Plaintiff to retain the services of the law firm **DEAVER | CRAFTON** to represent him the above-entitled matter, and Plaintiff is entitled to reasonable attorney's fees and costs incurred herein.

/ / / /

/ / / /

## FOURTH CAUSE OF ACTION
(Vicarious Liability/Respondent Superior)

70. Plaintiff hereby incorporates paragraphs No. 1 through No. 69 of this Complaint as if set forth fully herein.

71. Plaintiff, EDWARD ALLEN READ, is informed and believes, that at the time of the first subject accident, Defendant, DECKER TRUCK LINE, INC., was the employer and/or had control of its agent and/or contractor and/or representative and/or employee, Defendant, DAVID ABNEW KING, and that at all times relevant herein, Defendant, DAVID ABNEW KING, was acting within the course and scope of his duties with Defendant, DECKER TRUCK LINE, INC..

72. Under the doctrine of Respondent Superior, Defendant DECKER TRUCK LINE, INC., is vicariously liable, jointly and severally, for the damages suffered by Plaintiff, EDWARD ALLEN READ, as a direct and proximate result of its employees and/or agent's negligence while driving in the course and scope of Defendant, DAVID ABNEW KING'S employment for Defendant, DECKER TRUCK LINE, INC., through its employees and/or agents, owed a duty to Plaintiff to drive safely and to avoid dangerous and/or reckless conduct.

73. Defendant, DECKER TRUCK LINE, INC., , by and through its employees and/or agents, breached its duties of due care by negligently, carelessly and recklessly failing to drive in a safe manner which caused damage to Plaintiff, EDWARD ALLEN READ,

74. Plaintiff, EDWARD ALLEN READ, is informed and believes, that at the time of the first subject accident, Defendant, SELLAND AUTO TRANSPORT, INC., was the employer and/or had control of its agent and/or contractor and/or representative and/or employee, Defendant, KRISTOPHER GARY BARON, and that at all times relevant herein, Defendant, KRISTOPHER GARY BARON, was acting within the course and scope of his duties with Defendant, SELLARD AUTO TRANSPORT, INC.,

75. Under the doctrine of Respondent Superior, Defendant SELLARD AUTO TRANSPORT, INC., is vicariously liable, jointly and severally, for the damages suffered by Plaintiff, EDWARD ALLEN READ, as a direct and proximate result of its employees and/or agent's negligence while driving in the course and scope of Defendant, KRISTOPHER GARY BARON'S employment for Defendant, SELLARD AUTO TRANSPORT, INC., through its employees and/or agents, owed a duty to Plaintiff to drive safely and to avoid dangerous and/or reckless conduct.

76. Defendant, SELLARD AUTO TRANSPORT, INC., , by and through its employees and/or agents, breached its duties of due care by negligently, carelessly and recklessly failing to drive in a safe manner which caused damage to Plaintiff, EDWARD ALLEN READ,

77. As the direct and proximate consequences of the negligent, careless and reckless breaches of duty of defendants, and each of them, Plaintiff suffered damages.

78. As a direct and proximate result of the aforementioned negligence, carelessness and/or recklessness of Defendants, and each of them, Plaintiff suffered physical injuries, pain and suffering damages, and loss of enjoyment of life, some of which conditions are permanent and disabling.

79. As a direct and proximate result of the negligence of the defendants, and each of them, Plaintiff, incurred, and continues to incur special damages. Plaintiff has also suffered general damages in additional amounts to be proven at trial.

80. As a direct and proximate result of the aforementioned negligence, carelessness, and/or recklessness of Defendants, and each of them, Plaintiff sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to his general and compensatory damage.

81. In addition, Plaintiff was required to incur expenses for medical care, treatment and expenses incidental thereto, all to his detriment, in an amount unknown at this time, and may be required in the future to incur expenses for medical care and treatment, including surgery, physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiff prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

82. As a direct and proximate result of the negligence and/or carelessness of Defendants, and each of them, Plaintiff has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure said losses for an indefinite period of time in the future.

83. That Defendants, and each of them, are liable for the injuries suffered by Plaintiff.

84. As a direct and proximate result of the negligence of the defendants, and each of them, the Plaintiff has sustained property damage, including but not limited to, the damage to his vehicle.

85. As a direct and proximate result of the negligence of the defendants, and each of them, the Plaintiff has sustained economic losses, including but not limited to, his inability to fulfill his contractual obligations to third parties.

86. It has been necessary for Plaintiff to retain the services of the law firm **DEAVER | CRAFTON** to represent him the above-entitled matter, and Plaintiff is entitled to reasonable attorney's fees and costs incurred herein.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, prays for relief judgment against Defendants, and each of them, as follows:

1. Special damages, according to proof at trial;

2. General damages to be determined at time of trial;

3. Pre-judgment and post-judgment interest as allowed by law;

4. An award of Attorneys' Fees, as allowed by law;

5. An award of taxable costs;

6. Actual, compensatory and statutory damages; and

7. For such other and further relief as the Court may deem appropriate.

DATED this 14 day of Feb, 2019.

**DEAVER | CRAFTON**

NATHAN S. DEAVER, ESQ.
Nevada Bar No. 11947
BRICE J. CRAFTON, ESQ.
NEVADA Bar No. 10558
810 E. Charleston Blvd.
Las Vegas, NV 89104
*Attorneys for Plaintiff*